IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 9, 2020 Session

## IN RE LACHLAN B., ET AL.

**Appeal from the Juvenile Court for Washington County**
**Nos. JV442, JV443          Robert D. Arnold, Judge**

_____

### No. E2019-01698-COA-R3-CV
_____

This appeal concerns the trial court's decision to change the non-marital children's surname from that of the mother to the father. We vacate the trial court's decision and remand for findings of fact to facilitate appellate review.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, P.J. and THOMAS R. FRIERSON, II, J., joined.

McKenna L. Cox, Johnson City, Tennessee, for the appellant, Crystal Burns.

Jason A. Creech, Johnson City, Tennessee, for the appellee, Thomas J. Helton, IV.

## OPINION

### I.     BACKGROUND

Twin boys (collectively "the Children") were born out-of-wedlock to Thomas J. Helton, IV ("Father") and Crystal Lynn Burns ("Mother") in July 2019. The parties engaged in mediation to resolve parenting schedules and child support prior to the birth. As pertinent to this appeal, the parties were unable to reach an agreement concerning the Children's surname. Father sought to provide his surname of Helton, while Mother sought to provide her surname of Burns. On the day of their birth, Mother named the Children, utilizing her surname.

Two days after the birth, Father filed a petition to, inter alia, change the Children's surname and enter the agreed-upon permanent parenting plan.[1]  Mother objected to Father's requested name change, claiming that she had properly named the Children.  The case proceeded to a hearing on August 29, 2019, at which the parties testified, each offering their own reasoning in support of his or her requested surname.

Father alleged that the Children should use his surname for the following reasons: (1) the Children have a half-sister with his surname; (2) Father is a "IV" and the last male carrying the family surname; (3) his surname will die with him; and (4) his surname has community respect due to his medical career.  He suggested that the Children may benefit from his surname if they chose to pursue the medical profession.  He questioned Mother's use of her surname, suggesting that she could remarry and change her name as evidenced by the fact that she was currently dating someone.  He explained that she had been married and carried her former spouse's surname.  He noted that she also worked as a stripper under her married surname.  He suggested that the Children would be more likely to uncover her untoward past if they carried her surname.  However, he claimed that he would love and raise the Children even if they did not take his surname.

Mother explained that she worked as a stripper for less than six months while using her married surname many years ago.  She has since legally changed her surname back to Burns.  In support of her requested surname, Mother claimed (1) that she would likely never have any additional children due to her maternal age, (2) that any additional children would carry her surname, (3) that she did not plan to change her surname in the event of marriage, and (4) that her surname also carries community respect given her occupation as a nurse.

Following the hearing, the court issued an oral ruling from the bench as follows:

One thing that I'm bothered by very much is the amount of animosity that mother seems to show in this case.  She's mad at times.  There is [] resentment toward the father of these children.  And I can't help but believe that's playing into, factoring into what her reason for not wanting this name change is.  And that's not in the best interest of the [Children].

You're trying to put it in your best interest[].  You went so far as to say, if I understood you correctly, that if you remarried, you would not change your last name.  And if you had children, they would be Burns, the same as - - same as your present children.  I don't think that's a decision you ought to be making right now.  I think that's not in - - your future children, if you have any further children, I don't think that's in their best interest.

---

[1] The court entered the permanent parenting plan on July 23, 2019.

Now, there [are] a lot of factors you look into: the preference of the [C]hildren. We, of course, have no way of knowing what preference of the [C]hildren is and it will be probably a few years before that will come into play. The change's potential effect on the child's relationship with each parent. That could be a factor here. I think it - - I think that might cause a [closer] relationship with dad if they carry his name than otherwise might be the case.

Length of time that the child's had its present surname. That's of course, immaterial and irrelevant here because - - well, it's not immaterial and irrelevant, but it's inconclusive. We're only talking about a month.

The degree of community respect associated with the present and proposed surname . . . . The [C]hildren are going to be - - they're going to be bright children; they've got bright parents. They're going to be asking questions. More than likely they're going to find out about mama's past. And it might be in their best interest, or the Court feels it would be in their best interest, if they're under the name of Helton, should that happen.

So these are tough cases to decide. I welcome an appeal on either side. I just have a deep-rooted feeling that it's in the best interest of these children that their name be changed to Helton. We're not going to change any other parts of their names, this Court's not going to anyway. And it would simply be that their last name would be Helton.

Thereafter, the court entered an order confirming its decision and its entry of the permanent parenting plan.

## II. ISSUES

(A) Whether the court erred in its changing of the Children's surname.

(B) Whether Mother is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

This case was tried by the court without a jury. The review of the trial court's findings of fact is de novo with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Our review of a trial court's conclusions of law is de novo upon

- 3 -

the record with no presumption of correctness. *Tyron v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008).

## IV.  ANALYSIS

### A.

Tennessee Code Annotated section 63-3-305(b)(1) provides as follows:

(b)(1) If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth and all information pertaining to the father shall be omitted, and the surname of the child shall be that of either:

> (A) The surname of the mother;
> (B) The mother's maiden surname; or
> (C) Any combination of the surnames listed in subdivisions (b)(1)(A) and (B).

Once a child has been named, this court has provided the following guidance concerning a court's consideration of whether a change in a child's surname is appropriate:

The courts should not change a child's surname unless the change promotes the child's best interest[].  Among the criteria for determining whether changing a child's surname will be in the child's best interest[] are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname.  The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interest[].

*Barabas v. Rogers*, 868 S.W.2d 283, 297 (Tenn. Ct. App. 1993) (citations omitted).

Mother argues that Father failed to establish that a change in the surname was in the best interest of the Children.  Father responds that the record supports the court's determination.  The order appealed from provides, in pertinent part, as follows:

This Honorable Court reviewed the applicable factors from caselaw as to changing the minor children's names.  After consideration of the proof in

- 4 -

the record, as applied to said factors, the Court finds Father has met his burden of proof to show that it is in the best interest[] of the minor children to have the surname "Helton".

The order contained no findings of fact in support of the court's decision. We are unable to review the trial court's determination that the change of the surname was in the best interest of the Children without sufficient findings of fact for our consideration. "A Court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) (citations omitted); *see also Anil Const., Inc. v. McCollum*, No. W2013-01447-COA-R3CV, 2014 WL 3928726, at *8 (Tenn. Ct. App. Aug. 7, 2014) ("It is well-settled that a trial court speaks through its written orders - not through oral statements contained in the transcripts - and that the appellate court reviews the trial court's written orders."). We vacate the ruling and remand this matter to the trial court to issue sufficient findings based upon the aforementioned factors. *See Dialysis Clinic, Inc. v. Medley*, No. M2018-00399-COA-R3-CV, 2019 WL 2173194 (Tenn. Ct. App. May 20, 2019); *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 312 (Tenn. 2014); *Lovlace v. Copley*, 418 S.W.3d 1, 36 (Tenn. 2013).

## B.

Mother requests attorney fees on appeal. Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). In support of her request, she cites Tennessee Code Annotated 36-5-103(c),[2] which now provides as follows,

A prevailing party[3] may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

---

[2] The statute was revised on July 1, 2018, and applies to this action filed on July 22, 2019.

[3] Father argues that an award of fees is unavailable because the parties were never "spouses." Section 36-6-103(c) has been revised to remove the spouse requirement.

- 5 -

Father maintains that an award of fees is inappropriate because this was not an action concerning the adjudication of custody or the change of custody. He also suggests that Mother has sufficient income from which to pay her own fees, to which Mother responds that her resources should be used to care for the Children, not for an appeal necessitated by Father's filing of a legal action to change the Children's surnames. Mother further responds that this action was one involving the adjudication of custody as evidenced by the court's entry of the agreed upon permanent parenting plan. While we agree that the original hearing concerned the adjudication of custody, this appeal does not involve any issues of custody. Exercising our discretion in such matters, we respectfully deny the request for attorney fees on appeal.

## V.    CONCLUSION

We vacate the court's decision and remand for entry of findings of fact. Costs of the appeal are taxed to the appellee, Thomas J. Helton, IV.

_____
JOHN W. MCCLARTY, JUDGE